UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
CHERYL EDMOND, JENNIFER MITCHUM, :
DONNA PICKERSGILL-BROWN, on behalf of :
themselves and all others similarly situated, and LISA :    Case No. 22 Civ. 5712
ABBAS, :
                                        :
                     Plaintiffs, :    **CLASS AND COLLECTIVE**
                                        :    **ACTION COMPLAINT**
         -against- :
                                          :
NEW YORK THERAPEUTIC COMMUNITIES :
INC., :
                                          :
                 Defendant. :
---------------------------------------------------------------- X

        Plaintiffs Cheryl Edmond, Jennifer Mitchum, and Donna Pickersgill-Brown, on behalf of themselves and all others similarly situated, and Lisa Abbas, by and through their attorneys Kessler Matura P.C., complaining of the New York Therapeutic Communities Inc. ("Defendant" or "NYTC"), allege as follows as for their Complaint:

## PRELIMINARY STATEMENT

        1.     Plaintiffs bring this lawsuit to recover unpaid overtime wages and other damages on behalf of all of NYTC's Substance Abuse Counselors, CASAC and CASAC-T Counselors, Peer Advocates, and similar positions (together "Counselors"), based on Defendant's violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the New York Labor Law ("NYLL"), Articles 6 and 19, and appropriate rules and regulations.

        2.     Plaintiffs maintain NYTC failed to pay its Counselors for all hours worked, consistently paying them for 35 hours a week despite the number of hours actually worked.

        3.     While employed by NYTC, Plaintiffs contend that they and other similarly situated Counselors consistently worked over 40 hours per week without receiving premium overtime pay

for all the hours they worked.  This was done according to NYTC policy to classify Counselors as salaried employees only entitled to the equivalent of 35 hours of pay each a week.

4.      Plaintiffs Edmond and Mitchum ("FLSA Representatives") bring the First Cause of Action on behalf of themselves and the following "Collective" pursuant to 29 U.S.C. § 216(b):

> All individuals who worked for Defendant as Substance Abuse Counselors, CASAC and CASAC-T Counselors, Peer Advocates, and similar positions at any time between February 26, 2019 and the present.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs Edmond, Mitchum, and Pickersgill-Brown ("Class Representatives") bring the Second and Third Causes of Action on behalf of themselves and all similarly situated "Class Members," defined as follows:

> All individuals who worked for Defendant as Substance Abuse Counselors, CASAC and CASAC-T Counselors, Peer Advocates, and similar positions at any time between February 26, 2016 and the present (the "Class").

## JURISDICTION & VENUE

6.      Jurisdiction of the Court over this controversy is based upon 28 U.S.C. §§ 1331 and 29 U.S.C. § 216(b).

7.      This action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. § 1391(b)(2), because events giving rise to this action occurred in Kings and Queens Counties.

8.      This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367(a).

## THE PARTIES

### *Plaintiff Cheryl Edmond*

9.      Edmond is a resident of Bronx County, New York.

10.     Edmond was employed by Defendant as a Counselor from approximately April 6, 2020, through September 24, 2021.

2

11.     Edmond worked at Defendant's location in Queens.

12.     Defendant scheduled Edmond for 40 hours a week, inclusive of a one-hour meal break.  Defendant paid Edmond a salary that was calculated assuming 35 hours of work each week.

13.     Defendant scheduled Edmond for five eight-hour days a week: Monday – 9:00 am to 5:00 pm; Tuesday – 11:00 am to 7:00 pm; Wednesday – 10:00 am to 6:00 pm; Thursday – 9:00 am to 5:00 pm; Friday – 11:00 am to 7:00 pm.

14.     Edmond, however, worked well beyond her scheduled hours.

15.     For example, throughout her employment, on Thursdays Edmond had a phone meeting with a staff doctor from about 3:00 pm to 6:00 pm.  She would then have to compete her regular work for an hour or so before finishing up for the day.

16.     Edmond also frequently arrived up to two hours before her scheduled shift to complete required paperwork.

17.     Edmond was generally too busy meeting with clients and filling out required paperwork to take lunch and be fully relieved of work.

18.     As a result, Edmond regularly worked over 40 hours a week.

19.     Defendant, however, failed to pay Edmond overtime wages for those hours worked over 40.

20.     By way of example, during the two workweeks between March 14, 2021, and March 27, 2021, Plaintiff was only paid for 70 hours of work, despite working over 40 hours in each workweek.

21.     At all times relevant, Edmond was entitled to received overtime pay for all hours worked over 40.

22.     At all times relevant, Edmond was an "employee" as defined by 29 U.S.C. § 203(e)(1).

23.     At all times relevant, Edmond was an "employee" as defined by NYLL §§ 190(2), 651(5).

***Plaintiff Jennifer Mitchem***

24.     Mitchum is a resident of Kings County, New York.

25.     Mitchum was employed by Defendant as a Counselor from approximately April 30, 2018, through June 2021.

26.     Mitchum was employed by Defendant at its location on Bedford Avenue, Brooklyn, and at the location on Fulton Street, Brooklyn.

27.     Defendant scheduled Mitchum for 40 hours a week, inclusive of a one-hour meal break.  Defendant paid Mitchum a salary that was calculated assuming 35 hours of work each week.

28.     Defendant scheduled Mitchum for five eight-hour days a week.  Generally, her scheduled shift was from 3:00 pm to 11:00 pm.

29.     Mitchum, however, worked well beyond her scheduled hours.

30.     For example, Mitchum regularly came in for her 3:00 pm shift at 2:30 pm to do "turn overs" – where she discussed that days ongoings with the outgoing staff.

31.     Mitchum was generally too busy attending to clients to take her meal break and be fully relieved of work.

32.     As a result, Mitchum regularly worked over 40 hours a week.

33.     Defendant, however, failed to pay Mitchum overtime wages for those hours worked over 40.

4

34.     By way of example, during the two workweeks between September 15, 2019, and September 28, 2019, Plaintiff was only paid for 70 hours of work, despite working over 40 hours in each workweek.

35.     At all times relevant, Mitchum was entitled to received overtime pay for all hours worked over 40.

36.     At all times relevant, Mitchum was an "employee" as defined by 29 U.S.C. § 203(e)(1).

37.     At all times relevant, Mitchum was an "employee" as defined by NYLL §§ 190(2), 651(5).

***Plaintiff Donna Pickersgill-Brown***

38.     Pickersgill-Brown is a resident of Queens County, New York.

39.     Pickersgill-Brown was employed by Defendant as a full-time Substance Abuse Counselor from approximately July 2014 through February 2018.

40.     From approximately June 2016 to February 2018, Defendant scheduled Pickersgill-Brown for 40 hours a week, inclusive of a one-hour meal break.  Defendant paid her a salary that was calculated assuming 35 hours of work each week.

41.     Defendant typically scheduled Pickersgill-Brown to work from Monday to Friday and her scheduled shifts were either from 9:00 am until 5:00 pm or 11:00 am until 7:00 pm.

42.     Pickersgill-Brown, however, worked well beyond her scheduled hours.

43.     For example, Pickersgill often came up to two hours before her scheduled shift to complete required client notes.

44.     In addition, on, Thursdays and Fridays, Pickersgill-Brown stayed about one to two hours beyond the end of her shift to finish her group and individual notes.

5

45.     Pickersgill-Brown worked from home on the weekends to complete required forms and client notes.

46.     Pickersgill-Brown was generally too busy meeting with clients, filling out paperwork, and conducting intakes to take lunch and be fully relieved of work.

47.     As a result, Pickersgill-Brown regularly worked over 40 hours a week.

48.     At all times relevant, Pickersgill-Brown was entitled to received overtime pay for all hours worked over 40.

49.     At all times relevant, Pickersgill-Brown was an "employee" as defined by NYLL §§ 190(2), 651(5).

***Plaintiff Lisa Abbas***

50.     Abbas is a resident of Kings County, New York.

51.     Abbas was employed by Defendant as a Peer Advocate from approximately July 2021 through November 2021.

52.     Abbas was employed by Defendant at its location on Bedford Avenue, Brooklyn, but trained at the location on Fulton Street, Brooklyn.

53.     Defendant scheduled Abbas for 40 hours a week, inclusive of a one-hour meal break.  Defendant paid Abbas a salary that was calculated assuming 35 hours of work each week.

54.     Defendant scheduled Abbas for five eight-hour days per week.  Generally, her scheduled shift was either from 9:00 am to 5:00 pm or 8:00 am to 4:00 pm.

55.     Abbas, however, worked well beyond her scheduled hours.

56.     For example, Abbas often had to escort patients to their appointments and then return to the office to finish up her work.  Under these circumstances, Abbas would not return to the office until after the end of her scheduled shift.

6

57.     Abbas was generally too busy attending to clients and completing required paperwork to take lunch and be fully relieved of work.

58.     As a result, Abbas regularly worked over 40 hours a week.

59.     Defendant, however, failed to pay Abbas overtime wages for those hours worked over 40.

60.     By way of example, during the two workweeks between August 1, 2021, and August 14, 2021, Plaintiff was only paid for 70 hours of work, despite working over 40 hours in each workweek.

61.     At all times relevant, Abbas was entitled to receive overtime pay for all hours worked over 40.

62.     At all times relevant, Abbas was an "employee" as defined by 29 U.S.C. § 203(e)(1).

63.     At all times relevant, Abbas was an "employee" as defined by NYLL §§ 190(2), 651(5).

***Defendant New York Therapeutic Communities, Inc.***

64.     At all relevant times, Defendant maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

65.     Defendant applied the same employment policies, practices, and procedures to all Counselors throughout the State of New York, including policies, practices, and procedures with respect to classification and payment of overtime compensation.

66.     Defendant is a domestic non-profit corporation, authorized to do business pursuant to the laws of the State of New York.

7

67.     Throughout the relevant period, Defendant ran several re-entry and substance abuse programs in Brooklyn and Queens, including:

      a.   Serendipity I, 2071 Fulton Street, Brooklyn, New York 11233;

      b.   Serendipity II, 944 Bedford Avenue, Brooklyn, New York 11205;

      c.   Brooklyn Outpatient Program, 2071 Fulton Street, Brooklyn, New York 11233;

      d.   Queens Outpatient Program, 162-64 Jamaica Avenue, Lower Level, Jamaica, New York 11432;

      e.   Center of Treatment Innovation, 1665 Pitkin Avenue, 2nd Floor, Brooklyn, New York 11212.

68.     Defendant maintains its principal place of business at 266 West 37th Street, 21st Floor, New York, NY 10018.

69.     Defendant NYTC employed employees, including Plaintiffs.

70.     Defendant is an "employer" within the meaning of 29 U.S.C. § 203(d).

71.     Defendant is an "employer" within the meaning of N.Y. Lab. Law §§ 190(3), 651(6).

72.     At all relevant times, the activities of Defendant constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

73.     Defendant maintains control, oversight, and direction over its operations and employment practices.

74.     At all times hereinafter mentioned, Defendant employed employees, including Plaintiffs, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s).

75.     At all times hereinafter mentioned, Defendant's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## FLSA COLLECTIVE ACTION CLAIMS

76.     The FLSA Representatives bring the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated individuals in the FLSA Collective who elect to opt-in to this action.

77.     Upon information and belief, there are approximately more than 50 Counselors that are similarly situated to the Plaintiffs who were denied overtime by Defendant.

78.     The FLSA Representatives represent other Counselors and are acting on behalf of Defendant's Counselors interests as well as their own interests in bringing this action.

79.     Defendant required the FLSA Representatives, and all individuals employed as Counselors to work in excess of 40 hours per week without paying them overtime compensation at a rate of at least one and one-half times their regular hourly rate.

80.     Defendant was aware or should have been aware that the law required it to pay non-exempt employees, including the FLSA Representatives and the Collective, an overtime premium of one and one-half times their regular rate of pay for all work-hours Defendant suffered or permitted them to work more than 40 per workweek.

81.     The FLSA Collective is readily identifiable and locatable through the use of the Defendant's records.  The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).  Unless the Court promptly issues such a notice, the FLSA Collective, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendant.

## CLASS ACTION ALLEGATIONS

82.     The Class Representatives bring the Second and Third Causes of Action on behalf of themselves and the Class, pursuant to Rule 23.

83.     The persons in the Class are so numerous that joinder of all members is impracticable.  Although, the precise number of such persons is unknown, and facts on which the calculation of that number can be based are presently within the sole control of Defendant.

84.     Upon information and belief, the size of the Class exceeds 100 individuals.

85.     At any given time, Defendant employs dozens of Counselors across its facilities.

86.     Common questions of law and fact exist as to the Class that predominate over any questions only affecting them individually and include, but are not limited to:

      a.  Whether Defendant failed to pay proper overtime compensation for all work-hours and violated the NYLL and the supporting New York State Department of Labor regulations;

      b.  Whether Defendant failed to keep accurate time records for all hours worked by the Class Representatives and the Class;

      c.  What proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

      d.  Whether Defendant failed to furnish the Class Representatives and Class with an accurate statement of, inter alia, wages, hours worked, and rates paid as required by NYLL § 195;

      e.  The nature and extent of Class-wide injury and the appropriate measure of damages sustained by the Class Representatives and the Class; and

      f.  Whether Defendant acted willfully or with reckless disregard in their failure to pay the Class Representatives and the Class.

87.     The Class Representatives fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.  The Class Representatives are represented by attorneys who are experienced and competent in both class litigation and employment litigation.

88.     A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where an individual plaintiff lacks the financial resources to vigorously prosecute a lawsuit in federal court against the corporate defendant.  Although the relative damages suffered by individual members of the Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

89.     Further, the Class Representatives and the Class have been equally affected by Defendant's failure to pay proper wages and provide proper wage statements.

90.     The Class Representatives' claims are typical of those of the Class.  The Class Representatives and the other Class members were subjected to Defendant's policies, practices, programs, procedures, protocols and plans alleged herein concerning the failure to pay proper wages and the failure to keep adequate records.  Plaintiffs' job duties are typical of those of the class members.

91.     This action is properly maintainable as a class action under Rule 23.

## COMMON FACTUAL ALLEGATIONS

92.     Plaintiffs and the Class Members contend that they are due overtime premiums under the FLSA and NYLL and were not provided accurate wage statements.

93.     Defendant's conduct was widespread, repeated, and consistent.

94.     Defendant's policy and pattern or practice includes but is not limited to:

    a.   Misclassifying its Counselors as exempt from the FLSA and the NYLL;

    b.   Not recording all the time that its Counselors worked for the benefit of Defendant;

11

    c.  Not paying its employees overtime wages for all of the hours that they worked in excess of 40 per workweek; and

    d.  Not reporting all the time that its Counselors worked to obfuscate their unlawful overtime policy.

95.    Regardless of the location at which Plaintiffs and Class Members worked for Defendant, Defendant's policies and practices remained substantially the same.

***NYTC Misclassification and Unpaid Overtime Wages***

96.    Defendant NYTC misclassified Counselors as exempt from overtime.

97.    Plaintiffs and Class Members were paid a fixed salary regardless of hours they worked in one workweek.

98.    Upon information and belief, Defendant had a policy and pattern or practice to require Plaintiffs and Class Members to work in excess of 40 hours per week.

99.    Counselors, like Plaintiffs, performed numerous tasks without overtime pay, including:

    a.  Meeting with clients before and after their shifts both in person and via Telehealth;

    b.  Meeting with or otherwise updated staff doctors before and after their scheduled shifts;

    c.  Completing required paperwork and computer-based reports before and after their shifts;

    d.  Locking up the facility at night;

    e.  Handling "turn over" – where they discussed anything that had occurred during the prior shift and received the cash box and keys;

    f.  Escorting clients and made copies of the client's papers for their file.

100.    Counselors performed these duties outside of their scheduled shift to meet performance standards.

101.    Defendant uniformly scheduled Counselors for 40 hours each workweek.

102. Defendant only ever paid Counselors a salary based on 35 hours of work.

103. Defendant was aware or should have been aware of all the work that Counselors performed.

104. Defendant deducted one hour of work for each eight-hour shift to account for a meal break. Defendant, however, deducted meal-break time even though Counselors, Plaintiffs included, reported to Defendant that they were unable to stop working for the entire meal break.

105. Defendant did not permit Counselors to report the time that they actually worked on their timesheets, rather Counselors' supervisors instructed them to fill out the timesheet using their scheduled hours with one hour deducted from each eight-hour shift.

106. Defendant did not pay Plaintiffs and Class Members time and one half for all hours worked over 40 in a workweek in violation of the FLSA and the NYLL.

*Inaccurate Wage Statements*

107. Defendant did not provide Plaintiffs and Class Members with an accurate wage statement each pay period.

108. Defendant did not list accurate hours worked on Counselors' paystubs.

109. The paystubs, with some exceptions, report that 70 hours were worked and paid each biweekly pay cycle.

110. Defendant did not indicate on Counselor's paystubs the basis of pay – that is, whether they were hourly or salaried employees.

111. As a result, Defendant did not furnish Plaintiffs and Class Members with an accurate statement of, *inter alia*, hours worked and basis of pay as required by NYLL.

112. Defendant's failure to report Plaintiffs' and Class Members' actual hours worked and basis of pay facilitated its unlawful overtime policy.

13

113.    That is, Defendant failed to provide Counselors with the information necessary to determine whether their weekly hours ever exceeded 40 in a single workweek, entitling them to overtime.

114.    This hindered Plaintiffs and Class Members' ability to challenge the unlawful wage payment at the time of the payment.

***Defendant's Actions Were Willful and Done Without Reasonable Good Faith***

115.    At all times relevant, Defendant's policies and practices were willful.  As part of its business practice, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, or policy that did not comport with the FLSA and the NYLL.

116.    Defendant was or should have been aware that the FLSA and the NYLL required it to pay its Counselors premium overtime pay for all hours worked over 40 per week.

117.    Defendant did not perform a time study or analysis on Plaintiffs' job duties and hours worked.

118.    Defendant neither interviewed Plaintiffs nor retained a third-party or agent to interview Plaintiffs about their job duties and hours worked, for purposes of determining whether Plaintiffs were properly denied overtime.

119.    Plaintiffs are unaware of Defendant engaging in any studies or analysis of their duties and the duties of their fellow Counselors.

120.    Defendant never explained to Plaintiffs why they were not paid overtime wages.

121.    Upon information and belief, Defendant never obtained an opinion from an attorney, expert, or government agency as to whether Plaintiffs and Counselors were properly exempted from overtime pay.

122.    Upon information and belief, a reasonable employer inquiring into this issue would have determined that Counselors are not exempt from the FLSA and NYLL overtime requirements.

123.    That is because, *inter alia*, Counselors do not meet the salary threshold to qualify for "administrative" and "executive" exemption under the NYLL.  To be an exempt administrative employee the employee must earn more than the following each week in the respective year:

    a.   2017: $825

    b.   2018: $975

    c.   2019: $1,1012.50

    d.   2020-2022: $1,125.00.

*See* 12 N.Y.C.R.R. §§ 142-2.14(c)(4)(i)(e)(1)(i), 142-2.14(c)(4)(iii)(d)(1)(i)

124.    Plaintiffs, however, like their colleagues, earned much less than these weekly amounts. The following paragraphs example this.

125.    Edmond earned $817.305 a week in 2020, including on her paycheck issued on April 29, 2020.

126.    Edmond earned $865.385 a week in 2021, including on her paycheck issued on March 31, 2021.

127.    Mitchum earned $576.975 a week in 2018, including on her paycheck issued on October 3, 2018.

128.    Mitchum earned $588.30 a week in 2019, 2020, and 2021, including on her paychecks issued on October 2, 2019, October 14, 2020, and February 17, 2021.

129.    Pickersgill-Brown, at the time of her termination in 2018, earned $535.50 per week, including for the last 56 hours of her working time with Defendant which was paid on February 21, 2018.

130.    Abbas earned $625 a week in 2021, including on her paycheck issued on August 18, 2021.

131.    Effective January 1, 2020, the "administrative," "executive," and "professional" exemptions under the FLSA, require employers to pay no less than $684 per week. *See* 29 C.F.R. §§ 541.100(a)(1), 541.200(a)(1), 541.300(a)(1).   This salary requirement renders Plaintiffs Mitchum, Pickersgill-Brown, and Abbas, and many other Class Members, as non-exempt by virtue of the salary prong alone.

132.    Defendant can also not claim professional exemptions under the FLSA and NYLL based on the duties prong.

133.    NYTC's Counselors are not required to have more than a high school diploma to work for NYTC.

134.    Although Counselors are generally CASAC certified, the CASAC and CASAC-T licenses merely require a high school (or equivalent) degree.

### FIRST CAUSE OF ACTION
**FLSA – Overtime Wages**
**(Brought on behalf of FLSA Plaintiffs and the FLSA Collective)**

135.    Plaintiffs incorporates by reference all preceding allegations.

136.    "FLSA Plaintiffs" Edmond, Mitchum, and Abbas, along with the Collective are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

137.    Defendant employed FLSA Plaintiffs and members of the Collective for workweeks longer than 40 hours and willfully did not compensate Plaintiffs for all the time worked

16

in excess of 40 hours per week, at a rate of at least one and one-half times their regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a) (1).

138.    FLSA Plaintiffs expressed their consent to make these claims against Defendant by filing a written consent form, pursuant to 29 U.S.C. § 216(b).  *See* Ex. A (Consents).

139.    Defendant did not make a good faith effort to comply with the FLSA with respect to their compensation to Plaintiffs and the FLSA Collective.

140.    Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

141.    As a consequence of the underpayment of wages, alleged above, FLSA Plaintiffs and the Collective have incurred damages thereby and Defendant is indebted to them in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**NYLL – Unpaid Overtime**
**(Brought on behalf of the Plaintiffs and the Class)**

142.    Plaintiffs incorporate by reference all preceding allegations.

143.    At all times relevant, Plaintiffs and the Class were employees and Defendant was their employer within the meaning of the NYLL.

144.    Defendant failed to pay Plaintiffs and the Class at a rate of less than one and one-half time their regular rate for all hours worked.

145.    By the course of conduct set forth above, Defendant violated NYLL § 650, *et seq.*; 12 N.Y.C.R.R. § 142-2.2.

146.    Defendants' failure to pay all overtime compensation due to Plaintiffs and the Class was willful or otherwise lacked sufficient good faith within the meaning of NYLL § 663.

147.     As a consequence of the willful underpayment of wages, alleged above, Plaintiffs and the Class incurred damages thereby and Defendant is indebted to them in the amount of the unpaid wages and such other legal and equitable relief due to Defendant's unlawful and willful conduct, as the Court deems just and proper.

148.     Plaintiffs further seek the recovery liquidated damages, attorneys' fees, and costs to be paid by Defendant as provided by the NYLL.

**THIRD CAUSE OF ACTION**
**NYLL – Notice and Record-Keeping Requirement Violation**
**(Brought on behalf of Plaintiffs and the Class)**

149.     Plaintiffs incorporate by reference all preceding allegations.

150.     Defendant did not supply Plaintiffs and the Class with an accurate statement of wages as required by NYLL § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

151.     Due to Defendant's violations of NYLL § 195, for each workweek that Defendant did not provide a proper wage statement, Plaintiffs and members of the Class are each entitled to damages of $250 per workday, or a total of $5,000 per class member, as provided for by NYLL § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs seek for the following relief:

A.     Leave to give notice to the FLSA Collectives that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

18

B.      Certification of this case as a Class Action under Rule 23;

C.      Appointment of Plaintiffs Edmond, Mitchum, and Pickersgill-Brown as Class Representatives;

D.      Appointment of Kessler Matura P.C. as Class Counsel;

E.      Unpaid overtime wages under the FLSA and NYLL;

F.      Liquidated damages;

G.      Statutory damages;

H.      Attorney's fees and costs of the action;

I.      Pre-judgment interest and post-judgment interest as provided by law;

J.      A declaratory judgment that the practices complained of are unlawful; and

K.      Such other injunctive and equitable relief as this Court shall deem just and proper.

Dated: Melville, New York
September 23, 2022

Respectfully submitted,

By:    /s/ Troy L. Kessler   
       Troy L. Kessler

**KESSLER MATURA P.C.**
Troy L. Kessler
Tana Forrester
Garrett Kaske
534 Broadhollow Road, Suite 275
Melville, New York 11747
Telephone: (631) 499-9100
tkessler@kesslermatura.com
tforrester@kesslermatura.com
gkaske@kesslermatura.com

*Attorneys for Plaintiffs and the Putative*
*FLSA Collective and Putative Class*

19

# Exhibit A

## CONSENT TO BECOME A PARTY-PLAINTIFF

1. I consent to be a party plaintiff in a lawsuit against my current/former employer, New York Therapeutic Communities, Inc. ("NYTC") and any related individuals and entities, for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the New York Labor Law.

2. During the past three years, there were occasions when I worked over 40 hours over the course of the workweek and NYTC did not pay me overtime wages as required by the Fair Labor Standards Act.

3. I designate Kessler Matura P.C. to represent me and make decisions on my behalf concerning the litigation, including any settlement.  I agree to be bound by any adjudication, whether it is favorable or unfavorable.

4. I also consent to join any separate or subsequent action to assert my claims against NYTC and/or any related entities potentially liable.

Date: ___9/23/2022___

DocuSigned by:

*Cheryl Edmond*

6A162A2C09C44AB...

_____
Signature

Cheryl Edmond

_____
Print Name

DocuSign Envelope ID: 7A25F997-471C-4583-A1ED-E0227942C3A3

## CONSENT TO BECOME A PARTY-PLAINTIFF

1. I consent to be a party plaintiff in a lawsuit against my current/former employer, New York Therapeutic Communities, Inc. ("NYTC") and any related individuals and entities, for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the New York Labor Law.

2. During the past three years, there were occasions when I worked over 40 hours over the course of the workweek and NYTC did not pay me overtime wages as required by the Fair Labor Standards Act.

3. I designate Kessler Matura P.C. to represent me and make decisions on my behalf concerning the litigation, including any settlement. I agree to be bound by any adjudication, whether it is favorable or unfavorable.

4. I also consent to join any separate or subsequent action to assert my claims against NYTC and/or any related entities potentially liable.

Date: _____  9/22/2022

_____
Signature

Jennifer Mitchum

_____
Print Name

DocuSign Envelope ID: 85176247-8BGE-40AD-9658-8DD50DF15090

## CONSENT TO BECOME A PARTY-PLAINTIFF

1. I consent to be a party plaintiff in a lawsuit against my current/former employer, New York Therapeutic Communities, Inc. ("NYTC") and any related individuals and entities, for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the New York Labor Law.

2. During the past three years, there were occasions when I worked over 40 hours over the course of the workweek and NYTC did not pay me overtime wages as required by the Fair Labor Standards Act.

3. I designate Kessler Matura P.C. to represent me and make decisions on my behalf concerning the litigation, including any settlement.  I agree to be bound by any adjudication, whether it is favorable or unfavorable.

4. I also consent to join any separate or subsequent action to assert my claims against NYTC and/or any related entities potentially liable.

Date: 9/22/2022 _____

Signature: _Lisa Abbas_

DocuSigned by:
4FCDD211F521494...

Signature

Lisa Abbas
_____
Print Name