

February 21, 2023

<u>Via ECF</u>
Hon. Sanket J. Bulsara, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, 304N
Brooklyn, New York 11201

> Re: *Edmond, et al. v. New York Therapeutic Communities, Inc.*
> No. 22 Civ. 5712 (SJB)
> <u>Motion for FLSA Settlement Approval</u>

Dear Judge Bulsara:

Kessler Matura P.C. ("KM") represents Plaintiffs Cheryl Edmond, Jennifer Mitchum, Donna Pickersgill-Brown and Lisa Abbas. Plaintiffs write with Defendant's consent to ask that the Court approve the Parties' Settlement Agreement (Ex. A) and dismiss this action with prejudice.

**I. Background and Settlement**

After a preliminary investigation, KM wrote Defendant on November 3, 2021, alleging that Defendant violated Plaintiffs' wage-and-hour rights under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Kessler Decl. ¶¶ 8-10. Plaintiffs allege that Defendant failed to pay them overtime wages and failed to issue accurate wage statements. *See* ECF No. 1 (Compl.) ¶¶ 9-61, 92-134. Defendant disputes the allegations put forth in the Complaint. The Parties engaged in prolonged settlement discussions starting in January 2022, which included multiple tolling agreements and an exchange of relevant information. Kessler Decl. ¶¶ 11-12. Plaintiffs filed the instant action in September 2022, after the Parties reach an impasse. *Id*. ¶¶ 12-13. After serving the Complaint, the Parties reignited settlement talks, exchanged time and payroll documents, and shared damages models. *Id*. ¶ 14. After reaching a settlement in principle on January 17, 2023, the Parties executed the Settlement Agreement, and filed this motion for approval. *Id*. ¶ 15.

**II. The Settlement is Fair and Reasonable**

Before granting a stipulated dismissal of a FLSA case, Courts consider the totality of the circumstances to determine if the settlement is fair and reasonable. *Macas v. Alex's Auto Body 1 Inc.*, No. 18 Civ. 7184, 2021 WL 6881295, at *1 (E.D.N.Y. Dec. 20, 2021) (Bulsara, Mag.). The factors considered include: (1) the plaintiffs' possible recovery; (2) the ability to avoid the burdens and expenses of litigating the claims and defenses at issue; (3) the litigation risks; (4) whether the settlement resulted from arm's-length bargaining between experienced counsel; (5) the possibility of fraud or collusion. *Id*. Even if these factors are met, the settlement agreement must not contain impermissible clauses. *Olano v. Designs by RJR, Ltd.*, No. 17 Civ. 5703, 2017 WL 4460771, at *3 (S.D.N.Y. Oct. 6, 2017) (collecting the "greatest hits"). Since

Case 1:22-cv-05712-SJB   Document 19   Filed 02/21/23   Page 2 of 4 PageID #: 53

Hon. Sanket J. Bulsara, U.S.M.J.
Re: *Edmond, et al. v. New York Therapeutic Communities Inc.*
February 21, 2023
Page 2 of 4

the proposed settlement reasonably resolves disputed claims, the Court should approve it and dismiss the case.

### A. This Settlement Satisfies the Settlement-Approval Factors.

First, Plaintiffs' recovery is fair given the range of possible recovery. *See Brack v. MTA New York City Transit,* No. 18 Civ. 3604, 2019 WL 8806149, at *3 (E.D.N.Y. Apr. 26, 2019) (recovery of 29.6% was reasonable). By KM's estimation, the settlement amount, after fees and costs, represents approximately 30% of Plaintiffs' best-case recovery under the FLSA and NYLL. *See* Kessler Decl. ¶¶ 20-21. KM bases this estimate on our interviews of Plaintiffs, the time and payroll records provided by Defendant, and our communications with Defendant about the disputes in the case. *See id.* ¶¶ 8-9, 14, 21, 24.

Second, this settlement guarantees a resolution of this matter before the Parties engaged in discovery, motions, a trial, and potential appeals. Thus, the burden and expense of litigating this case to conclusion weighs in favor of approval.

Third, this settlement resolves contested issues and is significant given the risks of continued litigation. *See id.* ¶¶ 22-27. It is fair given the disputes that exist, including whether: (1) Plaintiffs were overtime exempt; (2) the number of hours, if any, Plaintiffs worked beyond the hours recorded on their timesheets; (3) the proper measure of Plaintiffs' overtime damages; (4) the claimed inaccuracy of the timesheet records maintained by Defendant for the duration of Plaintiffs' employment; and (5) whether and to what extent liquidated damages should be awarded. *See id.* ¶¶ 21, 24.

Lastly, approval of this settlement is supported under the fourth and fifth factors. The Parties were represented by competent and experienced counsel throughout the pre-suit, litigation, and settlement process. *See id.* ¶¶ 4-6, 29. And there is no indication of fraud or collusion.

For these reasons, this settlement is fair and reasonable, and should be approved.

### B. The Settlement Does Not Run Afoul of *Cheeks* or the Negative Considerations.

The Parties drafted the Settlement Agreement to remain consistent with *Cheeks*. *Id.* ¶ 19. Though the Settlement Agreement includes a non-disparagement clause, that provision neither limits Plaintiffs' right to make truthful statements about their experience litigating this case nor prevent them from discussing the fact that they were employed by Defendant or their job duties. Ex. A (Agr.) § IV(B); *see, e.g., Lopez v. Nights of Cabiria, LLC,* 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015) (non-disparagement provisions must be "narrowly tailored to allow plaintiffs to discuss their litigation of this case").

The release is also limited to wage-and-hour claims. Ex. A (Agr.) § II(A),(B); *see, e.g., Cui v. O2 Korean BBQ,* No. 19 Civ. 2794, 2020 WL 7034369, at *5 (E.D.N.Y. Feb. 11, 2020)

Hon. Sanket J. Bulsara, U.S.M.J.
Re: *Edmond, et al. v. New York Therapeutic Communities Inc.*
February 21, 2023
Page 3 of 4

(Bulsara, Mag.) (approving waiver of "all FLSA and NYLL claims except those brought by" the government). Even if other similarly situated employees exist, this negative consideration does not outweigh Plaintiffs' interest in the settlement because it does not prejudice those employees. *See Garcia v. Grandpa Tony's Enters. LLC*, No. 20 Civ. 4691, 2021 WL 4949030, at *3 (E.D.N.Y. Oct. 25, 2021).

### III.   Plaintiffs' Request for Attorneys' Fees and Costs Is Reasonable.

Pursuant to Plaintiffs' retainers with KM, KM's fees amount to one-third of the gross settlement amount ($21,666.66), which is reasonable, considering the time KM spent investigating and settling this case, and will spend administering the settlement. KM also seeks reimbursement of $419.54 in actual litigation costs.[1] *See* Kessler Decl. ¶ 34.

In FLSA cases, the "percentage-of-recovery method" is consistently used to approve fees. *See Hernandez v. Immortal Rise, Inc.*, 306 F.R.D. 91, 102 (E.D.N.Y. 2015) (cleaned up). A contingency fee of one-third of the settlement is typical in this District. *Garcia*, 2021 WL 4949030, at *4 (collecting cases); *see, e.g., Cumbe v. Peter Pan Donuts & Pastries Inc.*, No. 16 Civ. 392, 2018 WL 3742689, at *1 (E.D.N.Y. May 15, 2018) (Bulsara, Mag.) (recommending approval of a one-third fee and noting that "this percentage is in line with the 33 percent generally accepted by courts in this district for attorneys' fees in FLSA cases" (cleaned up)), *adopted*, 2018 WL 3742634 (E.D.N.Y. May 30, 2018). Courts often supplement the percentage-of-recovery method by loosely using the lodestar method as a "cross check." *Id.* (noting that courts need not scrutinize counsel time records, as the court can perform the cross check based on the court's familiarity with the case). That is, the proposed fee is compared to the lodestar. *See id*. Courts "typically find" fees amounting to two to six times the lodestar to be reasonable. *Zelidon v. Staubitz Meat Mkt., Inc.*, No. 21 Civ. 476, 2021 WL 4942950, at *4 (E.D.N.Y. Sept. 14, 2021), *adopted*, 2021 WL 4942800 (E.D.N.Y. Oct. 21, 2021).

Here, KM requests fees of $21,666.66 in fees, which is about 1.2 times counsel's lodestar as of February 6. *See* Kessler Decl. ¶¶ 30, 33; Ex. E (Summary). This lodestar estimate is reasonable because KM (a) calculated it using contemporaneous time records, (b) used billing judgment to account for overstaffing and duplicative work, and (c) used reasonable hourly rates regularly paid by our clients and submitted to courts in the Eastern District and the local Supreme Courts of New York. *See* Kessler Decl. ¶¶ 30-39 *see, e.g., Nunes v. Rob-Glen Enters., Inc.*, No. 16 Civ. 6207, 2018 WL 3351798, at *2 (E.D.N.Y. July 5, 2018) ("[KM's attorneys'] hourly rates in this case fall within the range of reasonable rates within the Eastern District of New York."); *see also Meo v. Lane Bryant, Inc.*, No. 18 Civ. 6360, 2020 WL 4047897, at *2 (E.D.N.Y. July 17, 2020) (approving fees based on percentage-of-recovery and lodestar

---

[1] "Costs relating to filing fees, process servers, postage, and photocopying are ordinarily recoverable." *Wang v. Masago Neo Asian Inc.*, No. 14 Civ. 6249, 2016 WL 7177514, at *4 (E.D.N.Y. Sept. 26, 2016) (cleaned up) (awarding $2,500 in costs in addition attorneys' fees).

Hon. Sanket J. Bulsara, U.S.M.J.
Re: *Edmond, et al. v. New York Therapeutic Communities Inc.*
February 21, 2023
Page 4 of 4

crosscheck, in which the court reviewed KM's billing rates and took note that, like here, the lodestar was "reduced by counsels' self-scrutiny of duplicative tasks and overstaffing of certain activities"). Furthermore, KM's return on the lodestar will only continue to diminish given the work anticipated to administer the payments. *Id*. ¶ 40.

The Court should also consider if the attorneys' fees are reasonable based on: (1) time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations. *Zelidon*, 2021 WL 4942950, at *4. Based on KM's contemporaneous records, the risks involved in litigating this matter, the quality of KM's representation, and the public policy considerations, Plaintiff respectfully requests that the Court approve KM's requested attorneys' fees. *See supra* § II(A).

\*     \*     \*     \*

Accordingly, Plaintiffs respectfully request that Your Honor approve the settlement, and so order the Parties' Stipulation of Dismissal attached as Exhibit G.

Thank you for your consideration of this matter.

Respectfully submitted,

*s/ Troy L. Kessler*
Troy L. Kessler

cc: Counsel for All Parties (via ECF)